Filed 6/14/16  P. v. Holladay CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL CLAUS HOLLADAY,<br><br>    Defendant and Appellant. | 2d Crim. No. B266488<br>(Super. Ct. No. 2013000948)<br>(Ventura County) |

Michael Claus Holladay appeals an order revoking his Post Release Community Supervision (PRCS; Pen. Code, § 3450 et seq.), and committing him to 80 days county jail.[1]  Appellant contends that his due process rights were violated because he was not provided a *Morrissey*-compliant probable cause hearing (*Morrissey v. Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484] (*Morrissey*)).  We affirm.

*Facts and Procedural History*

In 2013, appellant pled guilty to evading an officer (Veh. Code, § 2800.2, subd. (a)) and transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a)) with a prior prison term enhancement (§ 667.5, subd. (b)).  Appellant was sentenced to three years eight months state prison.

On December 5, 2014, appellant was released from prison and placed on PRCS supervision.

---

[1]  All statutory references are to the Penal Code unless otherwise stated.

Appellant was arrested on June 3, 2015 for violating PRCS after he admitted smoking methamphetamine. On June 4, 2015, Senior Deputy Probation Officer Meza informed appellant of the alleged PRCS violations (smoking methamphetamine on two different occasions), conducted a probable cause hearing, and determined there was probable cause that appellant had violated his PRCS terms. (§ 3455, subd. (a).) Appellant was advised of his right to counsel and right to a formal revocation hearing, and that the Ventura County Probation Agency recommended 90 days county jail. Appellant declined to waive a formal court hearing.

On June 8, 2015, a petition for revocation of PRCS was filed alleging that it was appellant's second PRCS violation and that appellant used methamphetamine on a regular basis and spent approximately half of his supervision time absconding from probation. Appellant filed a *Williams* motion (*Williams v. Superior Court* (2014) 230 Cal.App.4th 636) to dismiss on due process grounds which was denied on July 2, 2015. After appellant submitted on the revocation petition, the superior court found appellant in violation of PRCS and ordered him to serve 80 days county jail with 60 days credit.

*Discussion*

Appellant argues that his due process rights were violated because he did not receive a *Morrissey*-compliant probable cause hearing. The PRCS revocation procedures here challenged are consistent with constitutional, statutory, and decisional law. These procedures do not violate concepts of equal protection or due process of law. We so held in *People v. Gutierrez* (2016) 245 Cal.App.4th 393 and *People v. Byron* (2016) 246 Cal.App.4th 1009 (petition for review filed May 24, 2016, S234734). We follow our own precedent.

Appellant contends that his due process rights were violated because the hearing officer (Meza) was not a neutral hearing officer and should not have made the waiver offer. The record reflects that Meza was not appellant's supervising probation officer or the one who reported the PRCS violation or recommended the PRCS revocation. Appellant was afforded a neutral hearing officer. (See *Morrissey, supra*, 408

2

U.S. at p. 486 [33 L.Ed.2d at p. 497] [probable cause finding must be by someone not directly involved in the case]; *Williams*, *supra*, 230 Cal.App.4th at p. 647 [same].) The waiver offer procedure is authorized by section 3455, subdivision (a).[2] (See *People v. Byron*, *supra*, 246 Cal.App.4th at p. 1017.) Assuming, arguendo, there was a procedural irregularity in Meza soliciting a waiver of rights, appellant suffered no harm. Appellant refused to waive his rights and was provided counsel at the PRCS revocation hearing. The court may not set aside the PRCS revocation unless the alleged procedural error prejudiced appellant. (See e.g., *People v. Woodall* (2013) 216 Cal.App.4th 1121, 1238; *In re Coughlin* (1976) 16 Cal.3d 52, 61.) Appellant makes no prejudice showing.

Appellant complains that he first appeared in court on July 2, 2015, thirty days after his arrest and that he should have been afforded a court hearing on the need for continued custody before the revocation hearing. Section 3455, subdivision (c) provides in pertinent part that "the supervising county agency shall have the authority to make a determination whether the person should remain in custody pending the first court appearance on a petition to revoke post release community supervision, and upon that determination, may order the person confined pending his or her first court appearance."

The denial of a *Morrissey*-compliant probable cause hearing does not warrant reversal unless the violation results in prejudice at the revocation hearing. (*In re La Croix* (1974) 12 Cal.3d 146, 154-155; *People v. Woodall, supra*, 216 Cal.App.4th at p.

---

[2] Appellant argues there is no record that he was given written notice of the PRCS violations prior to the probable cause hearing, that he had the opportunity to prepare for the hearing, or that he was advised of the right to present evidence. Appellant complains there is no record of what evidence was relied upon by Meza or her stated reasons for holding appellant in custody pending the formal revocation hearing. Appellant did not raise those issues at the hearing on the motion to dismiss. Having failed to make an adequate record for review, appellant is precluded from speculating on matters outside the record. (See Evid. Code, § 664 [presumption that official duty has been regularly performed; *In re Stevenson* (2013) 213 Cal.App.4th 841, 859-860 [same]; *People v. Foss* (2007) 155 Cal.App.4th 113, 126-127 [offer of proof required to preserve issue on appeal].)

1228.)  Appellant makes no showing that any due process defect prejudiced him or affected the outcome of the PRCS revocation hearing.  (*In re Winn* (1975) 13 Cal.3d 694, 698 [defendant has burden of showing prejudice]; *In re Moore* (1975) 45 Cal.App.3d 285, 294.)  Appellant submitted on the revocation petition and served the custodial sanction (80 days county jail).  (See e.g., *People v. Gutierrez, supra*, 245 Cal.App.4th at p. 399 [defendant submitted on PRCS revocation petition without contesting probable cause determination].)  "[T]here is nothing for us to remedy, even if we were disposed to do so."  (*Spencer v. Kemna* (1998) 523 U.S. 1, 18 [140 L.Ed.2d 43, 56].)

*Disposition*

The judgment (order revoking PRCS) is affirmed.

NOT TO BE PUBLISHED.


                                                    YEGAN, Acting P. J.
We concur:


        PERREN, J.


        TANGEMAN, J.


4

Donald D. Coleman, Judge

Superior Court County of Ventura

_____


Linda L. Currey, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, David A. Wildman, Deputy Attorney General, for Plaintiff and Respondent.