Filed 5/16/2016 (unmodified opn. attached)

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALLYSON BYRON,<br><br>    Defendant and Appellant. | 2d Crim. No. B262956<br>(Super. Ct. No. 2008033202)<br>(Ventura County)<br><br>ORDER MODIFYING OPINION<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on April 22, 2016, be modified as follows:

1.  On page 2, fn. 3, insert the following after the third sentence: Waiver aside, the argument fails because appellant had a prior strike conviction for burglary in 2003, was convicted again in 2005 for felony receiving stolen property, and returned to prison which made her ineligible for Proposition 36 drug treatment. (See § 1210.1, subd. (b)(1); (*People v. Superior Court* (*Turner*) (2002) 97 Cal.App.4th 1222, 1228-1229.)

2.  On page 5, in the first sentence, strike the words "within 10 days of the parolee's arrest". As corrected, the sentence reads: "*Morrissey* requires that parolees be afforded two hearings: a preliminary hearing to determine whether there is probable cause. . . ."

There is no change in judgment.

Filed 4/22/16 (unmodified version)

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALLYSON BYRON,<br><br>    Defendant and Appellant. | 2d Crim. No. B262956<br>(Super. Ct. No. 2008033202)<br>(Ventura County) |

Allyson Byron appeals an order revoking her Post Release Community Supervision (PRCS; Pen. Code, § 3450 et seq.) and requiring her to serve 140 days jail.[1] She contends that her due process rights were violated because she was not arraigned within 10 days of her arrest and provided a *Morrissey*-compliant probable cause hearing. (*Morrissey v. Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484] (*Morrissey*).  We affirm.

*Facts and Procedural History*

In 2009, appellant was sentenced to state prison for five years after she pled guilty to felony receiving stolen property and admitted a prior strike conviction (§ 667, subds. ((c)(1) & (e)(1; 1170, subds. (a)(1) & (c)(1)) and a prior prison term (§ 667.5, subd. (b)).  Appellant was released from prison on June 3, 2012 and placed on PRCS supervision with terms designed to curtail or stop her abuse of drugs.  (§ 3450 et seq.)  As we explain, her PRCS performance has been a dismal failure.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

On January 13, 2015, appellant was arrested, for the tenth time, for violating PRCS after she tested positive for methamphetamine.  On January 15, 2015, two days later, a hearing officer advised appellant of the PRCS charges, determined that there was probable cause for arrest, and advised appellant that the recommended PRCS modification was 180 days county jail.  Appellant said the violations are "'bullshit'" and that her probation officer "can kiss my ass."[2]

A petition to revoke PRCS was filed in superior court on January 22, 2015. (§ 3455.)  On January 26, 2015, appellant filed a motion to dismiss the PRCS petition which was denied the same day.  On February 5, 2015, appellant denied the allegations in the PRCS revocation petition, waived time for the revocation hearing, filed a Proposition 47 petition for resentencing (§ 1170.18), and continued the hearing on the PRCS revocation to February 25, 2015.  The Proposition 47 petition for resentencing was denied February 13, 2015.  On February 27, 2015, the trial court conducted an evidentiary hearing, found that appellant violated her PRCS terms, and ordered appellant to serve 140 days county jail.  (§ 3455.)[3]

*Morrissey - Vickers*

Relying upon *Williams v. Superior Court* (2014) 230 Cal.App.4th 636, appellant argues that her procedural due process rights were violated because she was not arraigned in superior court within 10 days of her arrest or provided a *Morrissey-*compliant probable cause hearing.  Because the appeal is a mixed question of law and

---

[2] It was alleged that previously, appellant failed to report to her probation officer, refused to sign a form for random drug testing, tested positive for methamphetamine, refused to provide a urine sample, and failed to actively participate in drug abuse treatment.

[3] At no time did appellant object to incarceration based upon the rule of *People v. Armogeda* (2015)  233 Cal.App.4th 428, 435-436 [section 3455 is unconstitutional to the extent it amends the treatment of nonviolent drug possession offenders and permits their incarceration under circumstances prohibited by Proposition 36 and section 3063.1].) She is precluded from doing so for the first time on appeal.  (See e.g., *People v. Sanders* (1995) 11 Cal.4th 475, 531).  Appellant is not permitted to change her trial court theory on appeal.  (*People v. Borland* (1996) 50 Cal.App.4th 124, 129.)

fact implicating constitutional rights, we review the question de novo. (See e.g., *People v. Cromer* (2001) 24 Cal.4th 889, 894–896; *People v. McKee* (2012) 207 Cal.App.4th 1325, 1338.)

*Morrissey* delineates the basic due process protections for a parole revocation and requires a probable cause hearing. "[D]ue process requires that after the arrest, the determination that reasonable ground exists for revocation of parole should be made by someone not directly involved in the case." (*Id.*, at p. 485 [33 L.Ed.2d at p. 497].) *The hearing officer need not be a judicial officer or a lawyer.* (*Id.*, at p. 489 [33 L.Ed.2d at p. 499].) (Italics added.) That is what happened here. This direction from the seminal case is lost upon appellant and similar appellants in the deluge of cases now flooding our court.

In *People v. Vickers* (1972) 8 Cal.3d 451, 461 (*Vickers*), our state supreme court extended *Morrissey* due process protections to probation revocations. "Since 'the precise nature of the proceedings for [probation] revocation need not be identical' to the bifurcated *Morrissey* parole revocation procedures, so long as 'equivalent due process safeguards' assure that a probationer is not arbitrarily deprived of his conditional liberty for any significant period of time [citation], a unitary hearing will usually suffice in probation revocation cases to serve the purposes of the separate preliminary and formal revocation hearings outlined in *Morrissey.* [Citations.]" (*People v. Coleman* (1975) 13 Cal.3d 867, 894-895, fn. omitted.)

*2011 Realignment Act*

Appellant argues that parole, probation, and PRCS revocation hearings are constitutionally indistinguishable and are subject to "uniform supervision revocation process." The argument is based on an uncodified section of the Postrelease Community Supervision Act of 2011 Act (Realignment Act) which also provides: "By amending . . . subdivision (a) of . . . Section 1203.2 of the Penal Code, it is the intent of the Legislature that these amendments simultaneously incorporate the procedural due process protections held to apply to probation revocation procedures under *Morrissey v.*

3

*Brewer* (1972) 408 U.S. 471, and *People v. Vickers* (1972) 8 Cal.3d 451, and their progeny."  (Vol. 6 West's Cal. Legislative Service (Stats 2012) ch. 43, § 2(b), p. 1969.) To so rule, we would have to rewrite the various statutes which treat parole, probation, and PRCS differently.  That is not our legitimate function.  (See e.g., *People v. Buena Vista Mines* (1996) 48 Cal.App.4th 1030, 1034.)  If the legislature wants "uniform" rules, it should enact uniform rules, not separate statutory revocation procedures for parole, probation, and PRCS.

*PRCS and Parole - Different Revocation Procedures*

The trial court correctly ruled that the procedural differences between parole revocation and revocation of PRCS do not violate appellant's due process rights. Parole revocations are governed by section 3000.08 which requires that the supervising agency file a superior court petition pursuant to section 1203.2 for revocation of parole. Section 3044, subdivision (a) provides that the parolee is entitled to a probable cause hearing not later than 15 days following his/her arrest for violating parole and a revocation hearing no later than 45 days following his/her arrest.  Citing section 3044, subdivision (a), the *Williams* court held that a *Morrissey*-compliant probable cause hearing must take place within 15 days of the parolee's arrest.  (*Williams, supra*, 230 Cal.App.4th at pp. 657-658.)

Section 3455, subdivision (c), which governs PRCS revocations, requires that the revocation hearing be held "within a reasonable time after the filing of the revocation petition."  Subdivision (a) provides:  "At any point during the process initiated pursuant to this section, a person may waive, in writing, his or her right to counsel, admit the violation of his or her postrelease community supervision, waive a court hearing, and accept the proposed modification of his or her postrelease community supervision." PRCS revocations do not use the same time table as parole revocations but comport with *Morrissey* which requires an "informal hearing structured to assure that the finding of a parole violation will be based on verified facts . . . ."  (*Morrissey, supra*, 408 U.S. at p. 484 [33 L.Ed.2d at p. 496].)

4

*Morrissey* requires that parolees be afforded two hearings: a preliminary hearing within 10 days of the parolee's arrest to determine whether there is probable cause to believe the parolee committed a parole violation; and a second more comprehensive hearing prior to making the final revocation decision. (See *Gagnon v. Scarpelli* (1973) 411 U.S. 778, 781-782, 786 [36 L.Ed.2d 656, 661, 664] [*Morrissey* mandates preliminary and final revocation hearings].) Appellant was provided a probable cause hearing on January 15, 2015, two days after her arrest, and another hearing on January 26, 2015 when the trial court denied the motion to dismiss the PRCS petition. An evidentiary hearing on the petition to revoke PRCS was conducted on February 27, 2015, 45 days after appellant's arrest, after appellant waived time.

Appellant complains that Ventura County uses a unitary revocation hearing in PRCS cases and encourages the supervising agency to make "waiver offers" in which the defendant can admit the PRCS violation. That procedure is authorized by section 3455, subdivision (a). If the inmate rejects the "waiver offer," the inmate remains in custody until the formal revocation hearing which must be held a reasonable time after the PRCS revocation petition is filed. (§ 3455, subd. (c).) Appellant complains that the "waiver offer" procedure encourages "*Alford*" type admissions (*North Carolina v. Alford* (1970) 400 U.S. 25, 32-39 [27 L.Ed.2d 162, 168-172]) in which the inmate protests his/her innocence but admits the alleged PRCS violation to avoid a greater punishment. This argument fails here because the recommended PRCS modification remained the same: 180 days county jail.

### *Williams v. Superior Court*

Appellant's reliance on *Williams v. Superior Court*, *supra,* 230 Cal.App.4th 636 (*Williams*) is misplaced because it is a parole revocation case. There, the Orange County parole supervising agency determined probable cause on its own (without an informal hearing) by checking a box on a form and calendaring the arraignment more than 10 days after the parolee's arrest. (*Id.*, at p. 644.) Parolees averaged over 16 days in custody before their first court appearance and were not provided a probable cause

5

hearing within 15 days of their arrest. (*Id*., at p. 646.) The final revocation hearing, at which the parolee could introduce adverse evidence, was typically three weeks after arraignment. (*Id.*, at p. 646.) The *Williams* court held that the changes wrought by the Realignment Act "entitled [a parolee] to arraignment within 10 days of an arrest for a parole violation, a probable cause hearing within 15 days of the arrest, and a final hearing within 45 days of the arrest." (*Id.*, at pp. 643.)

*Williams* is not a PRCS case and did not consider the due process requirements for a PRCS revocation. "[C]ases are not authority for propositions not considered." (*People v. Brown* (2012) 54 Cal.4th 314, 320.) Under the Realignment Act, parole and PRCS are two separate forms of supervision. (*People v. Espinoza* (2014) 226 Cal.App.4th 635, 639.) Section 1203.2 describes the general procedure to be followed when an individual is subject to PRCS revocation (§ 3455) or parole revocation (§ 3000.08) and provides that a probation officer or peace officer may "rearrest the supervised person and bring him or her before the court . . . ." (§ 1203.2, subd. (a).)

PRCS revocations may be informally resolved.[4] Section 3455 provides that before the first court appearance, an individual subject to PRCS revocation shall be provided an informal hearing and may waive his/her right to counsel, admit the PRCS violation, waive a court hearing, and accept the proposed PRCS modification. (§ 3455, subd. (a).) If the individual declines to accept the recommendation (as did appellant), the individual remains in custody and is provided a formal revocation hearing.

That was the procedure used here. On January 15, 2015, two days after appellant was arrested, a neutral hearing officer determined there was probable cause that appellant had violated her PRCS terms. The hearing officer was not appellant's

---

[4] Appellant argues that counsel should be "appointed" at the initial probable cause hearing but that would undercut the informal nature of the proceeding. (§ 3455, subd. (a).) Nowhere in the PRCS statutory revocation scheme is there a requirement for the appointment of counsel at the initial hearing.

supervising probation officer or the one who reported the PRCS violation. Appellant was afforded a neutral hearing officer. (See *Morrissey, supra*, 408 U.S. at p. 485 [33 L.Ed.2d at p. 497] [probable cause determination should be made by someone "not directly involved in the case"]; *Williams, supra*, 230 Cal.App.4th at p. 647 [same].) It was the functional equivalent of an arraignment and a probable cause ruling in superior court. Appellant was advised of the alleged PRCS violations and the recommended PRCS modification, and advised of her right to counsel if she elected not to accept the PRCS modification.

On January 26, 2015, 13 days after her arrest, appellant appeared with counsel and moved to dismiss the petition to revoke PRCS, which was denied the same day. The hearing on the motion to dismiss was tantamount to a second probable cause hearing, this time heard by the superior court. In terms of a timely hearing, appellant was provided greater procedural protections than required by *Morrissey,* or *Vickers*. Although PRCS revocations must afford general *Morrissey/Vickers* protections*,* there is no requirement that the PRCS revocations and parole revocations use the identical procedure or timeline. The requirement for a formal arraignment in the superior court within 10 days of arrest, as discussed in *Williams*, does not apply to PRCS revocations.

Appellant makes no showing that she was prejudiced by the PRCS revocation procedures or that *Mathews v. Eldridge* (1976) 424 U.S. 319 [47 L.Ed.2d 18] due process "balancing factors" require a court arraignment for a PRCS revocation. The denial of a *Morrissey*-compliant probable cause hearing does not warrant reversal unless it results in prejudice at the revocation hearing. (*In re La Croix* (1974) 12 Cal.3d 146, 154-155; *People v. Woodall* (2013) 216 Cal.App.4th 1221, 1238; *In re Winn* (1975) 13 Cal.3d 694, 698 [defendant has burden of showing prejudice].) Assuming, arguendo, that *Williams* applies to PRCS revocation hearings, appellant received functionally equivalent protections and any deviation in the timing or substance of the hearings was harmless beyond a reasonable doubt. (See e.g., *Hinrichs v. County of Orange* (2004) 125 Cal.App.4th 921, 928; citing *People v. Woodward* (1992) 4 Cal.4th 376, 387 [procedural

7

due process violations, even if proved, are subject to harmless error analysis].)  Appellant has already served the custodial sanction.  "[T]here is nothing for us to remedy, even if we were disposed to do so."  (*Spencer v. Kemna* (1998) 523 U.S. 1, 18 [140 L.Ed.2d 43, 56].)

Under the guise of "due process," we decline the invitation to rewrite section 3455 (PRCS revocation hearings must be held a "reasonable time" after arrest) or expand section 3044 to require that parole revocation timelines (i.e., probable cause hearing no later than 15 days following arrest for violation of parole) be strictly observed in a PRCS revocation.  As discussed in *Morrissey*, "[w]e cannot write a code of procedure; that is the responsibility of each State.  Most States have done so by legislation, others by judicial decision usually on due process grounds.  Our task is limited to deciding the minimum requirements of due process."  (*Morrissey*, *supra*, 408 U.S. at pp. 488-489, fn. omitted [33 L.Ed.2d at pp. 498-499.)

*Conclusion*

Nothing in the PRCS revocation procedures employed in this case violate the letter or spirit of *Morrissey v. Brewer, supra*, or *People v. Vickers, supra*.  Appellant did not languish indefinitely in county jail after the hearing officer advised her of the charges and found probable cause for her incarceration.  The revocation hearing was conducted in superior court approximately 45 days after her arrest.  Twenty days are attributable to appellant who asked for, and received, a continuance.  Had she not requested a continuance, the evidentiary hearing would have been held 25 days after her arrest.  That may not be warp speed but we cannot say, as a matter of law that, it resulted in a due process of law violation.

The judgment (order revoking PRCS) is affirmed.

CERTIFIED FOR PUBLICATION.


                                        YEGAN, J.

We concur:


GILBERT, P. J.


PERREN, J.

9

Brian J. Back, Judge

Superior Court County of Ventura

_____

Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Timothy M. Weiner, Nathan Guttman, Deputy Attorneys General, for Plaintiff and Respondent.