Filed 6/6/16  P. v. Quiroz CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROGELIO TOVAR QUIROZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B267122<br>(Super. Ct. No. 2012031146)<br>(Ventura County) |

Rogelio Tovar Quiroz appeals the trial court's order revoking his postrelease community supervision (PRCS) and ordering him to serve 170 days in county jail with 41 days of presentence custody credit.  (Pen. Code,[1] §§ 3450 et seq., 3455, subd. (d).)  Appellant contends that his due process rights were violated because he was not provided a *Morrissey*-compliant probable cause hearing.  (*Morrissey v. Brewer* (1972) 408 U.S. 471 (*Morrissey*).)  We affirm.

FACTS AND PROCEDURAL HISTORY

In 2014, appellant was convicted of corporal injury to a spouse (§ 273.5, subd. (a)) and sentenced to two years state prison.  On April 23, 2014, he was released from prison and placed on PRCS.

---

[1] All statutory references are to the Penal Code.

On Friday, July 10, 2015, appellant was arrested for violating PRCS by (1) failing to report to probation; (2) failing to submit to drug testing; (3) failing to report his whereabouts; and (4) failing to obey all laws by violating a protective order (§ 273.6, subd. (a)), committing false imprisonment (§ 236), and willfully resisting a peace officer (§ 148, subd. (a)(1)). On July 13, 2015, appellant signed an acknowledgment indicating that he had been informed of his right to receive written notice of the alleged violations of his PRCS, his right to an administrative probable cause hearing no more than two business days after he was taken into custody, and his right to speak at the hearing and present letters and documents on his behalf. That same day, Senior Deputy Probation Officer Venessa Meza advised appellant of the alleged PRCS violations, conducted a probable cause hearing, and determined there was probable cause that appellant had violated his PRCS. (§ 3455, subd. (a).) Appellant was advised of his rights to counsel and a formal revocation hearing. He was also informed that the Ventura County Probation Agency (the Probation Agency) was recommending 180 days in county jail with 21 days of custody credit. Appellant denied the alleged PRCS violations, declined to accept the proposed sanction, and requested a formal revocation hearing.

On July 17, 2015, the Probation Agency filed a PRCS revocation petition and set the matter for hearing on July 30, 2015. On July 24, 2015, appellant filed a motion to dismiss on due process grounds pursuant *Williams v. Superior Court* (2014) 230 Cal.App.4th 636 (*Williams*), and calendared the matter to be heard in conjunction with the revocation petition. At the July 30th hearing, the court denied the motion to dismiss and appellant proceeded to admit the allegations in the revocation petition. The court granted the petition and ordered appellant to serve 170 days in county jail with 41 days of actual custody credit.

DISCUSSION

Appellant contends that his due process rights were violated because he did not receive an arraignment within 10 days of his arrest or a probable cause hearing within 15 days of his arrest, as contemplated in *Williams*, *supra*, 230 Cal.App.4th 636. He also

complains that he never received a *Morrissey*-compliant probable cause hearing before a neutral hearing officer. The PRCS revocation procedures challenged here are consistent with constitutional, statutory, and decisional law. The procedures utilized here do not violate concepts of equal protection or due process of law. We so held in *People v. Gutierrez* (2016) 245 Cal.App.4th 393 (*Gutierrez*), and *People v. Byron* (2016) 246 Cal.App.4th 1009 (*Byron*). We follow our own precedent. The trial court did not err in denying the motion to dismiss.

Appellant also asserts that he had a right to counsel at the administrative probable cause hearing and that Meza improperly attempted to obtain waivers of his rights to counsel and a revocation hearing prior to the filing of the revocation petition. Even if appellant could demonstrate that these assertions have merit, it would not entitle him to the relief he seeks. The denial of a *Morrissey*-compliant probable cause hearing does not warrant reversal unless it results in prejudice at the revocation hearing. (*In re La Croix* (1974) 12 Cal.3d 146, 154-155; *People v. Woodall* (2013) 216 Cal.App.4th 1221, 1238.) Appellant makes no showing that any of the alleged defects in the proceedings prejudiced him or affected the outcome of the PRCS revocation hearing. (*In re Winn* (1975) 13 Cal.3d 694, 698 [defendant has burden of showing prejudice]; *In re Moore* (1975) 45 Cal.App.3d 285, 294.) Appellant admitted the allegations of the revocation petition and has served the custodial sanction. (See e.g., *Gutierrez*, *supra*, 245 Cal.App.4th at p. 399 [defendant submitted on PRCS revocation petition without contesting probable cause determination].) "'[T]here is nothing for us to remedy, even if we were disposed to do so.'" (*Byron*, *supra*, 246 Cal.App.4th at p. 1017, quoting *Spencer v. Kemna* (1998) 523 U.S. 1, 18.)

3

DISPOSITION

The judgment (order revoking PRCS) is affirmed.

NOT TO BE PUBLISHED.



PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.


4

Patricia M. Murphy, Judge

Superior Court County of Ventura

_____

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, and Connie H. Kan, Deputy Attorney General, for Plaintiff and Respondent.