Filed 6/7/16  P. v. Stevens CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER STEVENS,<br><br>    Defendant and Appellant. | 2d Crim. No. B267228<br>(Super. Ct. No. 2012028244)<br>(Ventura County) |

Christopher Stevens appeals an order revoking his postrelease community supervision (PRCS) (Pen. Code, § 3450 et seq.)[1] after he admitted violating PRCS and accepted a 60-day custodial sanction (§ 3455, subd. (a)).  Appellant contends that his due process rights were violated because he was not provided a *Morrissey*-compliant[2] probable cause hearing.  We affirm.

### FACTS AND PROCEDURAL HISTORY

In 2013, appellant pled guilty to one count of being under the influence of a controlled substance while in possession of a firearm (Health & Saf. Code, § 11550, subd. (e)) and was granted formal probation for 36 months.  On March 7, 2014, the trial court revoked probation and sentenced appellant to one year four months in state prison. He was released on PRCS a few months later.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] *Morrissey v. Brewer* (1972) 408 U.S. 471 (*Morrissey*).

On August 17, 2015, appellant was arrested for PRCS violations. The following day, Senior Deputy Probation Officer Venessa Meza advised appellant of the alleged PRCS violations (failure to report to probation, failure to submit to drug testing and failure to report his whereabouts), conducted a probable cause hearing, and determined there was probable cause that appellant had violated his PRCS terms. (§ 3455, subd. (a).) Appellant was advised of his right to counsel and right to a formal revocation hearing, and that Ventura County Probation Agency was recommending 60 days in county jail. Appellant admitted violating PRCS, signed written waivers, and agreed to serve 60 days in county jail.

On August 24, 2015, Ventura County Probation Agency filed a PRCS revocation petition. (§ 3455, subd. (a).) On September 3, 2015, the trial court denied appellant's request to vacate his waivers, found him in violation of PRCS and ordered him to serve 60 days in county jail with 36 days credit.

DISCUSSION

Appellant argues that his procedural due process rights were violated because he did not receive a *Morrissey*-compliant probable cause hearing. The PRCS revocation procedures challenged here are consistent with constitutional, statutory and decisional law. These procedures do not violate concepts of equal protection or due process. We so held in *People v. Gutierrez* (2016) 245 Cal.App.4th 393, 401-405, and *People v. Byron* (2016) 246 Cal.App.4th 1009. We follow our own precedent. The trial court did not err in denying the request to vacate the waivers.

Appellant contends his due process rights were violated because the probable cause hearing was not conducted by a neutral hearing officer and resembled an ex parte hearing to solicit a waiver of PRCS rights. The argument is without merit. The hearing officer (Meza) was not appellant's supervising probation officer and did not make the arrest or prepare the PRCS revocation report. (See *Morrissey, supra,* 408 U.S. at p. 485 [probable cause determination should be made by someone "not directly involved in the case"]; *Williams v. Superior Court* (2014) 230 Cal.App.4th 636, 647 [same].) Appellant makes no showing that he was denied a fair hearing.

2

Moreover, the denial of a *Morrissey*-compliant probable cause hearing does not warrant reversal unless it results in prejudice at the revocation hearing. (*In re La Croix* (1974) 12 Cal.3d 146, 154-155; *People v. Woodall* (2013) 216 Cal.App.4th 1221, 1238.) Appellant fails to show that any due process defect prejudiced him or affected the outcome of the PRCS revocation hearing. (*In re Winn* (1975) 13 Cal.3d 694, 698 [defendant has burden of showing prejudice]; *In re Moore* (1975) 45 Cal.App.3d 285, 294.) Appellant admitted the PRCS violations, signed written waivers, and has already served the custodial sanction (60 days in county jail). (See, e.g., *People v. Gutierrez, supra,* 245 Cal.App.4th at p. 399 [defendant submitted on PRCS revocation petition without contesting the probable cause determination].) "[T]here is nothing for us to remedy, even if we were disposed to do so." (*Spencer v. Kemna* (1998) 523 U.S. 1, 18.)

DISPOSITION

The judgment (order revoking PRCS) is affirmed.

<u>NOT TO BE PUBLISHED.</u>

PERREN, J.

We concur:

GILBERT, P. J.

TANGEMAN, J.

3

Donald D. Coleman, Judge

Superior Court County of Ventura

_____

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, and Connie H. Kan, Deputy Attorney General, for Plaintiff and Respondent.