Filed 6/15/16  P. v. Madrid CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARCOS CASTILLO MADRID,<br><br>    Defendant and Appellant. | 2d Crim. No. B267121<br>(Super. Ct. No. 2013015819)<br>(Ventura County) |

Marcos Castillo Madrid appeals an order revoking his Post Release Community Supervision (PRCS; Pen. Code, § 3450 et seq.) and committing him to 100 days county jail.[1]  Appellant contends, among other things, that his due process rights were violated because he was not provided a *Morrissey*-compliant probable cause hearing (*Morrissey v. Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484] (*Morrissey*).  We affirm.

*Facts and Procedural History*

In 2013, appellant pled guilty to possession of a firearm by a felon or addict (§ 29800, subd. (a)(1)) with a prior prison enhancement (§ 667.5, subd. (b)) and was sentenced to three years state prison.  On November 17, 2014, appellant was released from prison and placed on PRCS supervision.

On April 9, 2015, appellant was sentenced to 90 days county jail after he admitted violating PRCS.

---

[1]  All statutory references are to the Penal Code unless otherwise stated.

On July 30, 2015, appellant was arrested on a warrant for new PRCS violations. On July 31, 2014, Senior Deputy Probation Officer Jennifer Souza informed appellant of the alleged PRCS violations, conducted a probable cause hearing, and determined there was probable cause that appellant had violated his PRCS terms. (§ 3455, subd. (a).) Appellant was advised of his right to counsel and right to a formal revocation hearing, and that the Ventura County Probation Agency recommended 120 days county jail. Appellant denied violating PRCS, refused the waiver offer, and requested a formal court hearing.

On August 10, 2015, a petition for revocation of PRCS was filed alleging PRCS violations for failure to report to probation, possession of a folding knife with heroin tar on the blade, possession of a hypodermic needle, failure to submit to drug testing, and failure to participate in substance abuse treatment. Appellant filed a *Williams* motion (*Williams v. Superior Court* (2014) 230 Cal.App.4th 636) to dismiss which was denied on August 13, 2014. After appellant submitted on the revocation petition, the superior court found appellant in violation of PRCS and ordered him to serve 100 days county jail with 30 days credit.

*Discussion*

Appellant contends that his due process rights were violated because he was provided a written advisement of rights form stating that the probable hearing would occur within 24 to 48 hours. Appellant complains that the probable cause hearing was conducted the same day and that he did not have time to prepare for the hearing. Appellant also argues that he was asked to sign a waiver of rights before the petition for revocation was filed in violation of section 3455, subdivision (a). (See also § 1203.2, subd. (b)(2).) Appellant suffered no harm. Appellant refused to waive his rights, was provided counsel at the PRCS revocation hearing, and submitted on the revocation petition. The court may not set aside the PRCS revocation unless the alleged procedural error prejudiced appellant. (See e.g., *In re La Croix* (1974) 12 Cal.3d 146, 154; *People v. Woodall* (2013) 216 Cal.App.4th 1121, 1238; *In re Coughlin* (1976) 16 Cal.3d 52, 61.)

2

Appellant makes no prejudice showing and forfeited the above claims by not raising them at the revocation hearing.[2] (See e.g., *People v. Buford* (1974) 42 Cal.App.3d 975, 982; *People v. Hawkins* (1975) 44 Cal.App.3d 958, 967.)

On the merits, appellant makes no showing that he did not receive a *Morrissey*-compliant probable cause hearing. The PRCS revocation procedures here challenged are consistent with constitutional, statutory, and decisional law. These procedures do not violate concepts of equal protection or due process of law. We so held in *People v. Gutierrez* (2016) 245 Cal.App.4th 393 and *People v. Byron* (2016) 246 Cal.App.4th 1009 (petition for review filed May 24, 2016, S234734). We follow our own precedent.

The denial of a *Morrissey*-compliant probable cause hearing does not warrant reversal unless the violation results in prejudice at the revocation hearing. (*In re La Croix, supra*, 12 Cal.3d at pp. 154-155; *People v. Woodall, supra*, 216 Cal.App.4th at p. 1228.) Appellant makes no showing that any due process defect prejudiced him or affected the outcome of the PRCS revocation hearing. (*In re Winn* (1975) 13 Cal.3d 694, 698 [defendant has burden of showing prejudice]; *In re Moore* (1975) 45 Cal.App.3d 285, 294.) Appellant submitted on the revocation petition and served the custodial sanction (100 days county jail). (See e.g., *People v. Gutierrez, supra*, 245 Cal.App.4th at p. 399 [defendant submitted on PRCS revocation petition without contesting probable cause determination].) "[T]here is nothing for us to remedy, even if we were disposed to do so." (*Spencer v. Kemna* (1998) 523 U.S. 1, 18 [140 L.Ed.2d 43, 56].)

---

[2] Appellant argues that the Administrative Probable Cause Hearing form lists three PRCS violations which are at variance with the petition for revocation which lists five PRCS violations. The petition for revocation, however, states that appellant was informed of the PRCS violations at the probable cause hearing. Appellant complains that the violations listed on the Administrative Probable Cause Hearing and PROS HOLD forms lack specific dates and details. Appellant waived those objections at the revocation hearing when he submitted on the petition for revocation.

3

*Disposition*

The judgment (order revoking PRCS) is affirmed.

<u>NOT TO BE PUBLISHED.</u>



                                                YEGAN, J.

We concur:


GILBERT, P. J**.**


TANGEMAN, J.

Donald D. Coleman, Judge

Superior Court County of Ventura

_____

Linda L. Currey, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Connie H. Kan, Deputy Attorney General, for Plaintiff and Respondent.