Filed 6/21/16  P. v. Schenk CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MYCHAL LLORENCE SCHENK,<br><br>    Defendant and Appellant. | 2d Crim. No. B267150<br>(Super. Ct. No. 2014020107)<br>(Ventura County) |

Mychal Llorence Schenk appeals from judgment after an order revoking his postrelease community supervision (PRCS).  (Pen. Code, § 3450 et seq.)[1]  He contends the revocation procedures employed by Ventura County violated his right to due process because he did not have a *Morrissey*-compliant[2] probable cause hearing before the court within 15 days of arrest.  He seeks an order reversing the trial court's denial of his motion to dismiss.  We affirm.

## FACTUAL BACKGROUND

In 2014, Schenk was convicted after plea of guilty to entering a custodial facility as a former convict without consent (§ 4571) and misdemeanor vandalism (§ 594, subd. (a)(2)).  He also admitted a prior conviction within the meaning of the three strikes law and a prior prison term (§ 667.5, subd. (b)).  He was sentenced to a prison term.

_____

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] *Morrissey v. Brewer* (1972) 408 U.S. 471 (*Morrissey*).

Schenk was released in 2015 on PRCS following realignment.  The Ventura County Probation Agency is his supervising agency.  As a condition of release, he agreed to obey all laws and not consume or possess alcohol.  He also agreed the probation agency could, without a court hearing, order "flash incarceration" in a county jail for up to 10 days if he violated the conditions of release.  (§ 3453, subd. (q).)

In August 2015,[3] Schenk was arrested for extreme alcohol intoxication after threatening physical violence.  He was taken into custody on August 8.

On August 12, Senior Deputy Probation Officer Venessa Meza met with Schenk.  Meza conducted an administrative probable cause hearing, and concluded there was probable cause to believe that Schenk violated the terms of PRCS.  She advised Schenk of his right to be represented by an attorney.  He requested a formal revocation hearing.

On August 18, the probation agency filed a revocation petition.  The hearing was set for August 27.  On the date of the hearing, Schenk moved (through counsel) to dismiss the petition for revocation and for release based upon an alleged violation of due process.  He argued he was entitled to arraignment before a court within 10 days of arrest and a probable cause hearing before a court within 15 days of arrest.

The trial court denied Schenk's motion to dismiss and heard the revocation petition.  Schenk submitted on the probation officer's report.  The trial court found him in violation of PRCS and ordered him to serve a jail sentence.

DISCUSSION

*Due Process Requirements*

Revocation of supervised release deprives a person of a conditional liberty interest, and may only be had with due process protections.  (*Morrissey*, *supra*, 408 U.S. at p. 482 [parole revocation]; *People v. Vickers* (1972) 8 Cal.3d 451, 458 (*Vickers*) [probation revocation].)

---

[3] All future dates are in the year 2015.

To conform to due process, revocation of conditional release requires a two-step process: (1) an initial determination of probable cause to justify temporary detention; and (2) a formal revocation hearing to determine whether the facts warrant revocation. (*Morrissey*, *supra*, 408 U.S. at p. 485; *Vickers*, *supra*, 8 Cal.3d at p. 456.) It is undisputed that the formal revocation hearing complied with *Morrissey* and *Vickers* in this case.

*The Probable Cause Hearing*

The probable cause determination is a "minimal inquiry," made near the place of arrest "as promptly as convenient after arrest." (*Morrissey*, *supra*, 408 U.S. at p. 485.) It need not be made by a judicial officer; it may be made by any qualified person "not directly involved in the case." (*Id.* at pp. 485-486 [probable cause determination for parole revocation may be made by a parole officer other than the officer who reports the violation or recommends revocation]; *Vickers*, *supra*, 8 Cal.3d at pp. 456-457.) To conform to due process, the probable cause determination must be preceded by notice of the hearing and the alleged violations, and must provide an opportunity for the supervised person to speak on his own behalf, present evidence, and question adverse witnesses. (*Morrissey*, at pp. 485-486; *Vickers*, at pp. 456-457.) The officer who determines probable cause must summarize what occurs at the hearing, but need not make formal findings of fact and law. (*Morrissey*, at p. 487; *Vickers*, at p. 457.)

Schenk complains that the probable cause hearing conducted by Meza was "nothing more than a pro forma, ex-parte interview" which was "in effect, an early disposition conference rather than a fact-finding hearing." But these arguments advanced on appeal were not made to the trial court. Arguments not raised below are forfeited. (*People v. Hartshorn* (2012) 202 Cal.App.4th 1145, 1151.)

In any event, we decline to exercise our discretion to review forfeited issues because, as explained below, Schenk has failed to demonstrate prejudice in view of the court's findings at the formal revocation hearing. For the same reasons, we do not address Schenk's arguments regarding the effect of Proposition 9, the Victims' Bill of Rights Act of 2008: Marsy's Law.

3

*Schenk Has Failed to Demonstrate Prejudice*

Schenk argues that his due process rights were violated at the probable cause phase, prior to the formal revocation hearing. But the underlying problem with his appeal is this: No matter what due process violation is claimed, he makes no showing of prejudice at the formal revocation hearing. He submitted at the revocation hearing and has now served his sentence.

The denial of a *Morrissey*-compliant probable cause hearing does not warrant reversal unless the violation results in prejudice at the revocation hearing. (*In re La Croix* (1974) 12 Cal.3d 146, 154-155.) But Schenk makes no showing that any due process defect prejudiced him or affected the outcome of the PRCS revocation hearing. (*In re Winn* (1975) 13 Cal.3d 694, 698 [defendant has burden of showing prejudice]; *In re Moore* (1975) 45 Cal.App.3d 285, 294.) Because he was found in violation and has served the custodial sanction "there is nothing for us to remedy, even if we were disposed to do so." (*Spencer v. Kemna* (1998) 523 U.S. 1, 18.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

TANGEMAN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

4

Donald D. Coleman, Judge

Superior Court County of Ventura

_____

       Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

       Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and David A. Wildman, Deputy Attorney General, for Plaintiff and Respondent.