Filed 7/18/16  P. v. Fryman CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DOUGLAS FRYMAN,<br><br>    Defendant and Appellant. | 2d Crim. No. B265479<br>(Super. Ct. No. 2010038802)<br>(Ventura County) |

       Douglas Fryman appeals an order revoking his Post Release Community Supervision (PRCS; Pen. Code, § 3450 et seq.)[1] and committing him to 120 days county jail.  (§ 3455, subd. (d).)  Appellant contends that his due process rights were violated because he was not provided a *Morrissey*-compliant probable cause hearing (*Morrissey v. Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484] (*Morrissey*).)  We affirm.

*Facts and Procedural History*

       On February 4, 2011, appellant pled guilty to failing to update his sex offender registration (§ 290.012, subd. (a)) and was sentenced to 16 months state prison.  Appellant was released from state prison and placed on PRCS on December 24, 2011.

       Appellant violated PRCS 12 times and served three flash incarcerations for failure to obey all laws, failure to report to probation, failure to drug test, failure to report for random testing, drug use, failure to register as a sex offender, failure to attend

---

[1]  All statutory references are to the Penal Code unless otherwise stated.

treatment/counseling as directed by probation, changing residences without notifying probation, and possession of a weapon.

On May 3, 2015, appellant was arrested for not reporting to probation on a weekly basis, not maintaining a residence approved by probation, not maintaining regular employment, not submitting to drug testing, and not actively participating in substance abuse treatment as directed by probation.

On May 4, 2015, Senior Deputy Probation Officer Venessa Meza advised appellant of the alleged PRCS violations, conducted a probable cause hearing, and determined there was probable cause that appellant had violated his PRCS terms. (§ 3455, subd. (a).) Appellant was advised of his right to counsel and right to a formal revocation hearing, and that Ventura County Probation Agency recommended 150 days county jail. Appellant felt that 150 days "is just too much time," rejected the waiver offer, and requested a formal revocation hearing.

On May 6, 2015, Ventura County Probation Agency filed a PRCS revocation petition. (§ 3455, subd. (a).) Appellant appeared with counsel and made a *Williams* motion (*Williams v. Superior Court* (2014) 230 Cal.App.4th 636) to dismiss the petition on due process grounds. After the trial court denied the motion, appellant submitted on the petition and was ordered to serve 120 days county jail with 52 days credit.

*Discussion*

Appellant argues that his procedural due process rights were violated because he did not receive a *Morrissey*-compliant probable cause hearing. The PRCS revocation procedures here utilized are consistent with constitutional, statutory, and decisional law. These procedures do not violate concepts of equal protection or due process of law. We so held in *People v. Gutierrez* (2016) 245 Cal.App.4th 393 and *People v. Byron* (2016) 246 Cal.App.4th 1009 (petition for review filed May 24 2016, S234734). We follow our own precedent. The trial court did not err in denying the motion to dismiss.

2

Appellant contends that his due process rights were violated because the probable cause hearing resembled an ex-parte hearing to solicit a waiver of PRCS rights and was not conducted by a neutral hearing officer.[2] The record reflects that the hearing officer (Meza) was not appellant's supervising probation officer or the one who reported the PRCS violation or recommended revocation. (See *Morrissey, supra*, 408 U.S. at p. 485 [33 L.Ed.2d at p. 497] [probable cause determination should be made by someone "not directly involved in the case"]; *Williams, supra*, 230 Cal.App.4th at p. 647 [same].) Meza advised appellant of his right to counsel and right to a formal PRCS revocation hearing which he invoked. Appellant makes no showing that he was denied a fair hearing.

Appellant contends that the PRCS revocation procedure violates Proposition 9 (entitled "Victim's Bill of Rights Act of 2008: Marsy's Law") which created section 3044 and provides that a parolee is entitled to a probable cause hearing not later than 15 days following his or her arrest for violating parole and a revocation hearing no later than 45 days following his or her arrest. (See *Williams v. Superior Court, supra*, 230 Cal.App.4th at pp. 649-650.) In *People v. Byron*, *supra*, 246 Cal.App.4th at pp. 1017-1018, we held that PRCS is different from parole and that section 3044 does not apply to PRCS revocations which are governed by section 3455. Appellant's argument that the section 3455, as enacted as part of the 2011 Realignment Act, illegally "bypasses" Proposition 9 without a super majority vote of the Legislature is without merit. (See *Williams, supra*, 230 Cal.App.4th at p. 658 [Proposition 9 may not

---

[2]  Appellant claims that he was not advised that he had 24 to 48 business hours to prepare a response for the probable cause hearing or advised that he could request a continuance. The probation officer's report does not say whether or not those advisements were made. When the motion to dismiss was argued, appellant presented no evidence about what occurred at the probable cause hearing. Having failed to make an adequate record for review, appellant is precluded from speculating on matters outside the record. (*People v. Foss* (2007) 155 Cal.App.4th 113, 126-127 [offer of proof required to preserve issue on appeal].)

be amended except by statute passed by super majority vote of Legislature or by statute that becomes effective only when approved by the voters].)

The denial of a *Morrissey*-compliant probable cause hearing does not warrant reversal unless it results in prejudice at the revocation hearing. (*In re La Croix* (1974) 12 Cal.3d 146, 154-155.) Appellant makes no showing that any due process defect prejudiced him or affected the outcome of the PRCS revocation hearing. (*In re Winn* (1975) 13 Cal.3d 694, 698 [defendant has burden of showing prejudice]; *In re Moore* (1975) 45 Cal.App.3d 285, 294; *People v. Woodall* (2013) 216 Cal.App.4th 1221, 1238 [same].) Appellant submitted on the PRCS revocation petition and served the custodial sanction (150 days county jail). (See e.g., *People v. Gutierrez, supra*, 245 Cal.App.4th at p. 399 [defendant submitted on PRCS revocation petition without contesting probable cause determination].) "[T]here is nothing for us to remedy, even if we were disposed to do so." (*Spencer v. Kemna* (1998) 523 U.S. 1, 18 [140 L.Ed.2d 43, 56].)

*Disposition*

The judgment (order revoking PRCS) is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

4

Donald Coleman, Judge

Superior Court County of Ventura

_____

Wayne C. Tobin, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, David F. Glassman, Deputy Attorney General, for Plaintiff and Respondent.