Filed 7/28/16  P. v. Morton CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT MARSHALL MORTON,<br><br>    Defendant and Appellant. | 2d Crim. No. B267114<br>(Super. Ct. No. 2013038823)<br>(Ventura County) |

Robert Marshall Morton appeals the trial court's order revoking his postrelease community supervision (PRCS) and ordering him to serve 70 days in county jail.  Appellant contends that his due process rights were violated because he was not provided a *Morrissey*-compliant probable cause hearing.  (*Morrissey v. Brewer* (1972) 408 U.S. 471 (*Morrissey*).)  We affirm.

FACTS AND PROCEDURAL HISTORY

In June 2014, appellant was convicted by guilty plea of possession of ammunition by a felon (Pen. Code, § 30305, subd. (a)(1) and admitted a prior conviction allegation (*id.*, § 1170, subd. (h)(3)).  He was sentenced to two years in state prison.  In April 2015, he was released on PRCS.

On July 24, 2015,[1] appellant was arrested in Plumas County for violating the terms of his PRCS and was subsequently transported to Ventura County. On August 3, the Ventura County Probation Agency held an administrative probable cause hearing. Senior Deputy Probation Officer Jennifer Souza conducted the hearing and informed appellant of the allegations against him, which he denied. Officer Souza also interviewed appellant and informed him of his rights to counsel and a revocation hearing. Appellant declined to waive his right to a revocation hearing. At the conclusion of the hearing, the officer found probable cause and recommended that appellant serve 90 days in jail with 21 days credit. Appellant declined to accept the recommended disposition.

On August 6, the Probation Agency filed a petition to revoke appellant's PRCS and set the hearing for August 13. When the matter was called for hearing, appellant moved to dismiss the petition on due process grounds. The court denied the motion and set the matter for a readiness conference on August 24, and a contested revocation hearing on August 31. At the readiness conference, appellant submitted on the allegations of the petition without presenting any evidence on his behalf. The court found appellant in violation of his PRCS and ordered him to serve 70 days in county jail with credit for time served.

DISCUSSION

Appellant contends that his PRCS was revoked in violation of his due process rights. He asserts that he did not receive a *Morrissey*-compliant administrative probable cause hearing because Souza was not a "neutral uninvolved entity qualified to provide a fair probable cause finding." He also claims he was entitled to have an arraignment within 10 days of his arrest and a probable cause hearing before the court within 15 days of arrest, as contemplated in *Williams v. Superior Court* (2014) 230 Cal.App.4th 636. He contends that these errors require us to reverse the revocation of his PRCS and remand for further proceedings that comply with due process. We conclude that the PRCS revocation procedures challenged here are consistent with constitutional,

---

[1] All further date references are to the year 2015.

2

statutory, and decisional law.  The procedures do not violate concepts of equal protection or due process.  (*People v. Gutierrez* (2016) 245 Cal.App.4th 393, reviewed denied June 8, 2016 (*Gutierrez*); *People v. Byron* (2016) 246 Cal.App.4th 1009 (*Byron*)).

Appellant also contends that counsel should have been appointed to represent him at the administrate probable cause hearing and that Souza improperly sought to obtain waivers of his rights to counsel and a revocation hearing before the revocation petition was filed.  Even if appellant could demonstrate that these assertions have merit, he would not be entitled to the relief he seeks.  The denial of a *Morrissey*-compliant probable cause hearing does not warrant reversal unless it results in prejudice at the revocation hearing.  (*Gutierrez*, *supra*, 245 Cal.App.4th at p. 403; *Byron*, *supra*, 246 Cal.App.4th at p. 1017.)  Appellant makes no showing that any of the alleged defects in the proceedings prejudiced him or affected the outcome of the PRCS revocation hearing.  He submitted on the allegations of the revocation petition and has served his custodial sanction.  "'[T]here is nothing for us to remedy, even if we were disposed to do so.'  [Citation.]"  (*Byron*, *supra*, 246 Cal.App.4th at p. 1017; see also *Gutierrez*, *supra*, 245 Cal.App.4th at p. 399 [defendant submitted on PRCS revocation petition without contesting probable cause determination].)

The judgment (order revoking PRCS) is affirmed.

NOT TO BE PUBLISHED.



PERREN, J.


We concur:


YEGAN, Acting P. J.



TANGEMAN, J.

3

Donald D. Coleman, Judge

Superior Court County of Ventura
_____

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Connie H. Kan, Deputy Attorney General, for Plaintiff and Respondent.