Filed 8/23/16  P. v. Rasheed CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MALIK ALI RASHEED,<br><br>    Defendant and Appellant. | 2d Crim. No. B267298<br>(Super. Ct. No. 2011039045)<br>(Ventura County) |

Malik Ali Rasheed appeals an order revoking his Post Release Community Supervision (PRCS).  (Pen. Code, § 3450 et seq.)  Appellant contends, among other things, that his due process rights were violated because he was not provided a *Morrissey*-compliant probable cause hearing.  (*Morrissey v. Brewer* (1972) 408 U.S. 471.)  We affirm.

FACTS AND PROCEDURAL HISTORY

In 2011, appellant pled guilty to felony evasion (Veh. Code, § 2800, subd. (a), count 1), unlawful taking of a vehicle (*id.*, § 10851, subd. (a), count 2), and resisting arrest (Pen. Code, § 148, subd. (a)(1), count 4).  Appellant also admitted prior prison allegations.  Appellant was sentenced to the midterm of three years in state prison on count 2, a consecutive eight-month term on count 1, a

concurrent 60-day term on count 4, and a consecutive one-year term for one of his prison priors. Appellant was awarded 93 days of presentence custody credit, and the remaining counts and prison priors were dismissed. In May 2014, appellant was released on PRCS.

On July 22, 2015, appellant was arrested for possessing methamphetamine, a glass pipe (Health & Saf. Code, §§ 11364, 11377, subd. (a)), and a set of burglary tools (Pen. Code, § 466). It was his seventh PRCS violation since his release from prison.

On July 23, 2015, the Ventura County Probation Agency (Agency) held a probable cause hearing and established probable cause for the alleged violation of the terms and conditions of PRCS. The hearing was conducted by Senior Deputy Probation Officer Venessa Meza. Appellant declined to make any statements regarding the alleged violations and "crumbled up all of his papers into a ball before exiting the interview rooms." Appellant requested a formal hearing, which was scheduled for August 6, 2015.

On July 28, 2015, the Agency filed a petition for revocation of PRCS, alleging that appellant had violated PRCS by engaging in unlawful conduct and illegally possessing controlled substances, drug paraphernalia, and burglary tools. (Pen. Code, § 3455, subd. (a).) On August 6, 2015, appellant moved to dismiss the revocation petition on due process grounds based on *Williams v. Superior Court* (2014) 230 Cal.App.4th 636. That same day, the court heard and denied the motion. Appellant then submitted on the allegations. The court found him in violation of PRCS and ordered him to serve 90 days in county jail with total credit of 32 days for time served.

## DISCUSSION

Appellant argues that his procedural due process rights were violated because he did not receive a *Morrissey*-compliant probable cause hearing. The PRCS revocation procedures here challenged are consistent with constitutional, statutory and decisional law. These procedures do not violate concepts of equal

2

protection or due process. We so held in *People v. Gutierrez* (2016) 245
Cal.App.4th 393, 401-405, and *People v. Byron* (2016) 246 Cal.App.4th 1009,
1013-1018. We follow our own precedent. The trial court did not err in denying
the motion to dismiss.

Appellant contends that the probable cause hearing was a pro forma
ex parte interview, and was not conducted by a neutral hearing officer. The
argument is without merit. The record confirms that the hearing officer (Meza) was
not appellant's supervising probation officer and did not make the arrest or prepare
the PRCS revocation report. (See *Morrissey v. Brewer*, *supra,* 408 U.S. at p. 485
[probable cause determination should be made by someone "not directly involved in
the case"]; *People v. Williams*, *supra*, 230 Cal.App.4th at p. 647 [same].)

Moreover, PRCS procedures and Proposition 9 parole procedures are
not required to be identical. (*People v. Gutierrez*, *supra*, 245 Cal.App.4th at pp.
403-404.) There are valid justifications for the different procedures. (*Ibid.*)
Appellant did not present evidence in the trial court to support his factual assertions
about how the probable cause hearing was conducted. Nor did he present evidence
to show that the hearing officers are not neutral, that their findings are incorrect or
unreliable, that the procedure was unfair, or that he was not afforded a prompt
probable cause hearing after his arrest. He consequently is not in a position to
challenge the trial court's finding that the hearing complied with *Morrissey*
standards.

In any event, the denial of a *Morrissey*-compliant probable cause
hearing does not warrant reversal unless it results in prejudice at the revocation
hearing. (*In re La Croix* (1974) 12 Cal.3d 146, 154-155.) Appellant fails to show
that any due process defect prejudiced him or affected the outcome of the PRCS
revocation hearing. (*In re Winn* (1975) 13 Cal.3d 694, 698 [defendant has burden
of showing prejudice]; *In re Moore* (1975) 45 Cal.App.3d 285, 294.) Appellant
submitted on the PRCS revocation petition without contesting the probable cause
determination, and has already served the custodial sanction (90 days in county

3

jail). (See, e.g., *People v. Gutierrez*, *supra*, 245 Cal.App.4th at p. 399.) "[T]here is nothing for us to remedy, even if we were disposed to do so." (*Spencer v. Kemna* (1998) 523 U.S. 1, 18.) We have reviewed appellant's remaining contentions and conclude he has not demonstrated grounds for reversal.

DISPOSITION

The judgment (order revoking PRCS) is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

YEGAN, Acting P. J.

TANGEMAN, J.

David R. Worley, Judge

Superior Court County of Ventura

_____


Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Chung L. Mar and Abtin Amir, Deputy Attorneys General, for Plaintiff and Respondent.