Filed 9/26/16  P. v. Herrera CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>STEVEN R. HERRERA,<br><br>    Defendant and Appellant. | 2d Crim. No. B268217<br>(Super. Ct. No. 2011024573)<br>(Ventura County) |

Steven R. Herrera appeals the order revoking his postrelease community supervision (PRCS) (Pen. Code, § 3451)[1] and confining him for 120 days in county jail. Appellant contends the revocation proceedings violated his due process rights.  We affirm.

BACKGROUND

In July 2011, appellant pled guilty to unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a)) and evading an officer (*id.* § 2800.2, subd. (a)).  The court suspended imposition of sentence and placed appellant on probation on the condition he serve 180 days in county jail.  In February 2013, probation was terminated

---

[1] All statutory references are to the Penal Code unless otherwise stated.

and appellant was sentenced to two years in state prison. In December 2013, he was released on PRCS.

In May 2015, appellant was found in violation of his PRCS and was ordered to serve 120 days in county jail. In June 2015, the court vacated the 120-day sentence and ordered appellant to serve 180 days in county jail, with the first 90 days to be served at Khepera House. In July 2015, appellant admitted another violation of his PRCS and was ordered to serve 180 days in county jail.

On August 21, 2015, appellant was arrested for yet another violation of his PRCS. On August 24, an administrative probable cause hearing was conducted by Senior Deputy Probation Officer Meza. During the hearing, Meza informed appellant of the alleged violation and of his right to counsel. Appellant denied the violation and declined to waive his right to a court hearing and accept the recommended sanction of 120 days in county jail. On August 31, 2015, the probation department filed a petition for revocation of appellant's PRCS.

On September 10, 2015, the court denied appellant's request to dismiss the petition on due process grounds and proceeded with the revocation hearing. Appellant submitted on the allegations of the petition. The court found him in violation of his PRCS and ordered him to serve 120 days in county jail.

DISCUSSION

Appellant contends he was denied due process because the administrative probable cause hearing failed to comply with the requirements of *Morrissey v. Brewer* (1972) 408 U.S. 471 (*Morrissey*). He claims, among other things, that the hearing was merely an "illusion" and a "sham" rather than "a true fact-finding probable cause hearing" because "it was simply an ex-parte process carried out by a probation officer to secure a waiver of rights under section 3455, subdivision (a) . . . ." He further claims that section 3044, which governs the rights of parolees during revocation proceedings, also applies to individuals like him who are faced with revocation of their PRCS. We are not persuaded.

2

The PRCS revocation procedures employed here were consistent with constitutional, statutory, and decisional law. They do not violate the due process requirements of *Morrissey*. (*People v. Gutierrez* (2016) 245 Cal.App.4th 393, 402-404; *People v. Byron* (2016) 246 Cal.App.4th 1009, 1014-1017.) Appellant was provided a prompt probable cause hearing after his arrest and the hearing was conducted by a probation officer who was not directly involved in the case. (*Gutierrez*, at pp. 402-404.) Moreover, there are valid justifications for the procedural differences between PRCS and traditional parole, each of which deal with different types of offenders. (*Byron*, at p. 1017.)

Even if appellant had not received a *Morrissey*-compliant probable cause hearing, he would not be entitled to relief because he has failed to show prejudice. Contrary to his claim, the error would not be reversible per se. "[I]n the absence of evidence that the [Parole] Authority is not making a good faith effort to comply with the mandates of *Morrissey* . . . , a parolee whose parole has been revoked after a properly conducted revocation hearing is not entitled to have the revocation set aside unless it appears that the failure to accord him a prerevocation hearing resulted in prejudice to him at the revocation hearing. [Fn. omitted.]" (*In re La Croix* (1974) 12 Cal.3d 146, 154; see also *People v. Woodall* (2013) 216 Cal.App.4th 1221, 1238 ["defendant's claim of error fails because he has not shown prejudice arising from the nature of the initial revocation proceeding"].) We reject appellant's contention that "the absence of counsel and a neutral adjudicator [at the administrative probable cause hearing] disintegrates the foundation for applying the harmless error doctrine . . . ."

Appellant submitted on the PRCS revocation petition and served the custodial sanction (120 days county jail). (See, e.g., *People v. Gutierrez, supra*, 245 Cal.App.4th at p. 399 [defendant submitted on PRCS revocation petition without contesting probable cause determination].) Accordingly, any error that took place during the pre-revocation proceedings was harmless. "[T]here is nothing for us to remedy, even if we were disposed to do so." (*Spencer v. Kemna* (1998) 523 U.S. 1, 18.)

3

DISPOSITION

The order revoking PRCS and confining appellant in county jail for 120 days is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.

Gilbert A. Romero, Judge

Superior Court County of Ventura

_____

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Stephanie A. Miyoshi, Deputy Attorney General, for Plaintiff and Respondent.