Filed 7/27/16  P. v. Zuniga CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANNY ZUNIGA,<br><br>    Defendant and Appellant. | 2d Crim. No. B266485<br>(Super. Ct. No. 2013001288)<br>(Ventura County) |

Danny Zuniga was subject to postrelease community supervision (PRCS) when he was arrested.  (Pen. Code, § 3451.)  He had an informal probable cause hearing before a probation officer.  The trial court found the PRCS revocation process does not violate due process standards.  At a court revocation hearing, it found Zuniga violated his PRCS conditions.  Zuniga contends, among other things, that the trial court erred because the PRCS revocation process violates his right to due process.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2013, Zuniga pled guilty to evading an officer (Veh. Code, § 2800.2, subd. (a)), a felony, and hit and run driving (*id.*, § 20002, subd. (a)).  He was sentenced to an aggregate term of two years eight months.

On November 25, 2014, Zuniga was released on PRCS.  On June 18, 2015, Zuniga was arrested for violating his PRCS conditions.

On June 19, 2015, at a probable cause hearing, Probation Officer Venessa Meza found Zuniga violated his PRCS conditions.

On June 26, 2015, the Ventura County Probation Agency filed a petition for revocation of PRCS.

On July 2, 2015, Zuniga filed a motion to dismiss the petition citing *Williams v. Superior Court* (2014) 230 Cal.App.4th 636 (*Williams*) and *Morrissey v. Brewer* (1972) 408 U.S. 471 (*Morrissey*). He claimed the PRCS revocation process violated his due process rights.

On July 2, 2015, the trial court denied the motion and found the PRCS procedure complied with due process. At the revocation hearing held the same day, Zuniga submitted "on the allegations contained in the petition."

The trial court found Zuniga violated his PRCS conditions and ordered him to serve 60 days in county jail with a credit of 30 days.

DISCUSSION

Zuniga contends, among other things, that 1) the process used to revoke his PRCS violated his right to due process, 2) he did not have a probable cause hearing that complied with *Morrissey* standards, 3) the procedure used by the probation officer at the probable cause hearing was unfair, 4) the probable cause hearing "was nothing more than a pro forma, ex-parte interview," 5) Meza conducted the hearing "for the purpose of obtaining an agreement" and not for the purpose of any "fact-finding," and 6) he was entitled to the procedures provided to parolees mentioned in *Williams* and Proposition 9.

The People object to issues Zuniga raises that he did not raise in the trial court. Their objections are well taken. But even on the merits, the result does not change.

The PRCS procedures here did not violate Zuniga's equal protection or due process rights. (*People v. Gutierrez* (2016) 245 Cal.App.4th 393, 402-404; see also *People v. Byron* (2016) 246 Cal.App.4th 1009, 1014-1017.) After his arrest for violating PRCS conditions, he received a prompt probable cause hearing. (*Gutierrez*, at p. 402.)

2

The PRCS hearing officers who decide probable cause are neutral decision makers. (*Morrissey*, *supra*, 408 U.S. at p. 485 ["someone not directly involved in the case"]; *Gutierrez*, at p. 402.) PRCS procedures and parole procedures are not required to be identical. (*Gutierrez*, at pp. 403-404.) There are valid justifications for the different procedures. (*Ibid.*) "The requirement for a formal arraignment in the superior court within 10 days of arrest, as discussed in *Williams*, does not apply to PRCS revocations." (*Byron*, at p. 1017.) "Nowhere in the PRCS statutory revocation scheme is there a requirement for the appointment of counsel at the initial hearing." (*Id.* at p. 1016, fn. 4.)

Moreover, Zuniga did not present evidence in court to support his claims on appeal. Therefore, he is not in a position to challenge the trial court's finding that his PRCS probable cause hearing complied with *Morrissey* standards.

Zuniga suggests he was not advised of his rights at the probable cause hearing so he could respond to the PRCS violations. But the probation officer's written report shows Zuniga was informed of: 1) the violations, 2) his right to counsel, and 3) his right to accept a proposed sanction and waiver offer. He rejected the waiver offer and knew about his right to a court revocation hearing because he requested one. He received appointed counsel who filed the motion for dismissal. Counsel appeared with him at the hearing on that motion and at the revocation hearing.

The denial of a *Morrissey*-compliant probable cause hearing does not warrant reversal unless it results in prejudice at the revocation hearing. (*In re La Croix* (1974) 12 Cal.3d 146, 154-155.) Zuniga makes no showing that a due process defect prejudiced him or affected the outcome of the PRCS revocation hearing. (*In re Moore* (1975) 45 Cal.App.3d 285, 294; see also *In re Winn* (1975) 13 Cal.3d 694, 698 [defendant has the burden of showing prejudice].) At the revocation hearing, he "submitted" on the petition's findings of PRCS violations and made no claim that Meza failed to advise him of his rights. (*People v. Mayfield* (1993) 5 Cal.4th 142, 172 [issues that are not raised in the trial court are forfeited on appeal].) Zuniga has not shown trial court error. He has served his time in custody. "[T]here is nothing for us to

3

remedy . . . ." (*Spencer v. Kemna* (1998) 523 U.S. 1, 18.)  We have reviewed his remaining contentions and conclude he has not shown grounds for reversal.

DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

PERREN, J.

TANGEMAN, J.

4

Donald D. Coleman, Judge

Superior Court County of Ventura

_____

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Connie H. Kan, Deputy Attorney General, for Plaintiff and Respondent.