Filed 8/24/16  P. v. Alfaro CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>MARIO ALFARO,<br><br>  Defendant and Appellant. | 2d Crim. No. B267502<br>(Super. Ct. No. 2013014879)<br>(Ventura County) |

Mario Alfaro was subject to postrelease community supervision (PRCS) when he was arrested for alleged violations of his PRCS conditions.  (Pen. Code, § 3451.)[1]  His informal probable cause hearing was before a probation officer.  Subsequently, the trial court found him in violation of PRCS.  He contends, among other things, that the PRCS revocation process violated his right to due process.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2013, Alfaro pled guilty to failure to register.  (§ 290.011, subd. (a).)  He was placed on probation.  In 2014, he violated his probation terms and was sentenced to 16 months in state prison.

On December 31, 2014, Alfaro was released on PRCS.

On July 28, 2015, Alfaro was arrested for violating his PRCS terms.  The next day, a probable cause hearing was held before Probation Officer Venessa Meza who found

---

[1] All statutory references are to the Penal Code.

probable cause that Alfaro violated his PRCS conditions. On August 6, 2015, the Ventura County Probation Agency filed a petition to revoke PRCS and scheduled a hearing date for August 13, 2015.

On August 13, 2015, Alfaro filed a motion "to dismiss the petition." Citing *Williams v. Superior Court* (2014) 230 Cal.App.4th 636 (*Williams*) and *Morrissey v. Brewer* (1972) 408 U.S. 471 (*Morrissey*), he claimed the PRCS revocation procedure violated his due process rights. The trial court denied the motion and found Alfaro received "a *Morrissey* compliant probable cause hearing . . . ." Then the court held a PRCS revocation hearing. Alfaro submitted on the allegations of the petition. The court found the allegations in the petition "to be true." It ordered Alfaro to serve 100 days in the county jail with a credit of 34 days.

## DISCUSSION

Alfaro contends, among other things, that 1) he did not have a probable cause hearing that complied with *Morrissey* standards; 2) the PRCS process violates *Williams* and Proposition 9; 3) the probation officer conducts only "a pro forma, ex-parte interview," instead of a "fact-finding" probable cause hearing; 4) the officer was not neutral; and 5) the officer did not advise him of his rights.

The PRCS procedures here did not violate Alfaro's equal protection or due process rights. (*People v. Gutierrez* (2016) 245 Cal.App.4th 393, 402-404; see also *People v. Byron* (2016) 246 Cal.App.4th 1009, 1014-1017.) After his arrest for violating PRCS conditions, Alfaro received a prompt probable cause hearing. (*Gutierrez*, at p. 402.) The PRCS hearing officers who decide probable cause are neutral decision makers. (*Morrissey*, *supra*, 408 U.S. at p. 485 ["someone not directly involved in the case"]; *Gutierrez*, at p. 402.) PRCS procedures and Proposition 9 parole procedures involve different types of offenders and different procedures. (*Gutierrez*, at pp. 403-404.) There are valid justifications for the different procedures. (*Ibid.*) Consequently, "there is no requirement that the PRCS revocations and parole revocations use the identical procedure or timeline." (*People v. Byron*, *supra*, 246 Cal.App.4th at p. 1017.) Alfaro relies on *Williams*. But "*Williams* is not a PRCS case and did not consider the due process requirements for a PRCS

2

revocation." (*Byron*, at p. 1016.) "The requirement for a formal arraignment in the superior court within 10 days of arrest, as discussed in *Williams*, does not apply to PRCS revocations." (*Id*. at p. 1017.)

Alfaro did not present evidence in the trial court to support many of the factual claims he raises on appeal. He also raises issues that were not raised in the trial court. (*People v. Vines* (2011) 51 Cal.4th 830, 867 [claims on appeal are forfeited where they are not initially raised in the trial court].)

Alfaro suggests the record does not show that a probable cause hearing occurred or that there was a factual "determination" that he violated PRCS conditions. He claims Probation Officer Meza was directly involved in the case. But the probation officer's written report for revocation establishes that "an administrative hearing was held," and Meza determined there was probable cause to show PRCS violations. Alfaro submitted on the PRCS violations listed in the petition at the revocation hearing. His probation officer who supervised his PRCS compliance was Maria Esparza, not Meza.

Alfaro contends that he was not advised of his rights before or during the probable cause hearing and that he did not receive a postrelease community supervision advisement of rights form. But he did not testify or preserve a factual record in the trial court to preserve these claims. (*People v. Vines*, *supra*, 51 Cal.4th at p. 867.)

Moreover, the record contains an eight-page PRCS postrelease terms and conditions form which Alfaro signed in 2014. It sets forth the PRCS conditions he was subject to. The probation officer's "written report for revocation" lists the PRCS violations with a factual summary. It shows that Alfaro was "informed of the . . . violations," that he "refused the waiver offer" at the probable cause hearing, and that he "*requested a formal Court hearing*." (Italics added) He consequently was aware of his right to challenge the petition to revoke PRCS in court. He was also advised of his "right to counsel" and he requested counsel. (See *People v. Byron*, *supra*, 246 Cal.App.4th at p. 1017.) He did not waive his right to contest any alleged PRCS violation at the revocation hearing.

Alfaro suggests he should have had counsel at the probable cause hearing. But "[n]owhere in the PRCS statutory revocation scheme is there a requirement for the

3

appointment of counsel at the initial [probable cause] hearing." (*People v. Byron*, *supra*, 246 Cal.App.4th at p. 1016, fn. 4.) He was represented by counsel at his motion to dismiss and at the revocation hearing. "The hearing on the motion to dismiss was tantamount to a second probable cause hearing." (*Id.* at p. 1017.) The probable cause hearing before Meza was "the functional equivalent of an arraignment and a probable cause ruling." (*Ibid.*) "Assuming, arguendo, that *Williams* applies to PRCS revocation hearings, [Alfaro] received functionally equivalent protections and any deviation in the timing or substance of the hearings was harmless beyond a reasonable doubt." (*Ibid.*)

Moreover, the denial of a *Morrissey*-compliant probable cause hearing does not warrant reversal unless it results in prejudice at the revocation hearing. (*In re La Croix* (1974) 12 Cal.3d 146, 154-155.) Alfaro makes no showing that a due process defect prejudiced him or affected the outcome of the PRCS revocation hearing. (*In re Moore* (1975) 45 Cal.App.3d 285, 294; see also *In re Winn* (1975) 13 Cal.3d 694, 698 [defendant has the burden of showing prejudice].) Alfaro was represented by counsel at the revocation hearing and he submitted on the allegations of the petition. He has served the custodial sanction. "[T]here is nothing for us to remedy . . . ." (*Spencer v. Kemna* (1998) 523 U.S. 1, 18.) We have reviewed his remaining contentions and conclude he has not shown grounds for reversal.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

4

Donald D. Coleman, Judge

Superior Court County of Ventura

_____

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Shawn McGahey Webb, Supervising Deputy Attorney General, Nathan Guttman, Deputy Attorney General, for Plaintiff and Respondent.