Filed 2/15/22 P. v. Lara-Leon CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ARIANA LARA-LEON,<br><br>    Defendant and Appellant. | 2d Crim. No. B311578<br>(Super. Ct. No. 2015019495)<br>(Ventura County) |

Ariana Lara-Leon appeals from the trial court's postjudgment order denying her motion to withdraw her admission that she violated the terms of her postrelease community supervision (PRCS). She contends the court erred when it denied her motion without an evidentiary hearing. We affirm.

FACTUAL AND PROCEDURAL HISTORY

In March 2018, Leon pled guilty to unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a)) and willfully evading a peace officer (Veh. Code, § 2800.2, subd. (a)). The trial court suspended the imposition of sentence and ordered her to

serve three years of formal probation.  The court later terminated probation and sentenced Leon to 16 months in state prison.  Leon completed her sentence, and was placed on PRCS pursuant to Penal Code[1] section 3450.

In January 2021, the probation department petitioned the trial court to revoke Leon's PRCS, alleging that she violated its terms by committing new theft-related offenses.  Leon had an informal hearing with a probation officer a few days after her arrest.  The officer told Leon of her alleged violations and advised her of her PRCS rights.  Leon waived her rights, admitted that she violated the terms of PRCS, and agreed to a period of confinement not to exceed 180 days in county jail.

The following month, Leon moved to withdraw her admission, arguing that it was not knowing and voluntary.  At a hearing, the probation officer confirmed that he advised Leon of her rights, going over the admission form "two or three times."  The trial court denied Leon's motion.  Leon then requested an evidentiary hearing on whether her admission was knowing and voluntary.  The court denied her request.

DISCUSSION

Leon contends the trial court erred when it denied her motion to withdraw her admission without an evidentiary hearing on whether it was knowing and voluntary.  But even if the court erred, on appeal Leon is required to show that that error prejudiced her.  (*In re La Croix* (1974) 12 Cal.3d 146, 154-155.)  Both her opening brief and her reply brief "make[] absolutely no such showing" (*In re Winn* (1975) 13 Cal.3d 694, 698)—indeed, they don't even argue prejudice.  Her appeal fails on that basis alone.  (*People v. Jordan* (1986) 42 Cal.3d 308, 316.)

[1] Unlabeled statutory references are to the Penal Code.

2

It also fails on the merits. If a probation officer has probable cause to believe that a person has violated the terms of PRCS, the officer may rearrest the person (§ 1203.2, subd. (a)) and petition the trial court to terminate supervision (§ 3455, subd. (a)). Prior to a hearing on the petition, the officer may bring the person before the probation department for an informal hearing. (*Id.*, subd. (b)(1).) At that hearing the person may "waive . . . [the] right to counsel, admit the violation of [PRCS], waive a court hearing, and accept the proposed modification of . . . supervision." (*Id.*, subd. (a); see also *People v. Byron* (2016) 246 Cal.App.4th 1009, 1015 [noting that waivers may be taken "[a]t any point during the process"].)

A person who admits that they violated the terms of PRCS may withdraw their admission upon a showing of good cause. (*People v. Patterson* (2017) 2 Cal.5th 885, 894.) "'Mistake, ignorance[,] or any other factor overcoming the exercise of free judgment [provides] good cause for [the] withdrawal of'" such an admission. (*Ibid.*) The person seeking withdrawal bears the burden of establishing the grounds for good cause by clear and convincing evidence. (*Ibid.*) A trial court's conclusion that they failed to carry this burden is reviewed for abuse of discretion. (*Ibid.*)

There was no abuse of discretion here. At the informal hearing, the probation officer advised Leon of her PRCS rights. Leon waived them and admitted that she violated the terms of her PRCS. At the subsequent hearing on Leon's motion to withdraw her admission, the officer confirmed that he advised Leon of her rights. Leon did not contradict the officer's account. It was thus proper for the court to deny her withdrawal motion

3

without an evidentiary hearing.  (*People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 201.)

DISPOSITION

The trial court's order denying Leon's motion to withdraw her admission that she violated the terms of PRCS, entered March 8, 2021, is affirmed.

NOT TO BE PUBLISHED.

TANGEMAN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

4

Nancy L. Ayers, Judge

Superior Court County of Ventura

_____

Claudia Y. Bautista, Public Defender, and William Quest, Deputy Public Defender, for Defendant and Appellant.
Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.